UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-5013

LEWIS RICE, a/k/a Boo,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-96-145)

Submitted: July 21, 1998

Decided: August 19, 1998

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Fredrick S. Kaufman, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Sara E. Flannery, Special Assistant
United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lewis Thornton Rice, Jr., a/k/a "Boo," pleaded guilty to conspiring to possess with intent to distribute and to distribute cocaine base and marijuana in violation of 21 U.S.C. § 846 (1994), and was sentenced to 120 months' imprisonment. On appeal, Rice alleges that the district court abused its discretion in refusing to allow Rice to withdraw his guilty plea. We affirm.

Rice, along with several other individuals, was arrested and indicted after an intense police investigation into their drug conspiracy. Seven other co-defendants entered into plea agreements before the scheduled trial date. Rice's own inculpatory statements to the police as well as those of his co-defendants revealed his rather extensive role in the conspiracy. However, Rice maintained he was innocent during pretrial negotiations. On the eve of trial, despite all of the evidence gathered against Rice, the Government agreed to allow Rice to be considered a minimal participant in the conspiracy.* Defense counsel and United States Attorneys further discussed the possibility of Rice receiving consideration during sentencing under USSG § 5C1.2.

On the day of trial, Rice entered into a plea agreement with the Government. In the agreement, the Government maintained that it could prove that Rice was responsible for 50 to 150 grams of crack cocaine and that Rice was a minimal participant in the conspiracy. The Government further stated that it would not oppose Rice being given three points for acceptance of responsibility. See USSG 3E1.1.

During the Rule 11 hearing, Rice under oath stated that he was satisfied with his attorney's representation and stipulated to the facts as stated under the Agreement. Furthermore, Rice acknowledged that his sentence would be determined under the sentencing guidelines and that he understood that no one could predict his exact sentence. At the conclusion of the hearing, the court determined that the plea was vol-

_____

*U.S. Sentencing Guidelines Manual § 3B1.2 (Nov. 1997).

2

untarily and intelligently made. During his consultation with the probation officer, Rice refused to acknowledge the facts he stipulated to in the Agreement and at the hearing. As a result, the probation officer did not give Rice any points for acceptance of responsibility. The probation officer further maintained that Rice should not be attributed a role as a minimal participant in the conspiracy. Rice subsequently filed a motion for reconsideration under USSG § 5C1.2 and objections to the presentence report. Additionally, he filed a motion to withdraw his guilty plea, forty-five days after pleading guilty.

At sentencing, the court denied Rice's motion to withdraw his guilty plea finding there was no fair and just reason for the withdrawal given Rice's voluntary and intelligent answers during the Rule 11 colloquy. Although the court denied Rice's motion to be considered for a three point reduction in his sentence on the basis of acceptance of responsibility, it did grant him a reduction in sentence as a minimal participant in the conspiracy. Rice was accordingly sentenced to 120 months' imprisonment.

The denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Withdrawal of a guilty plea is not a matter of right. See United States v. Hyde, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667); United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). Under Fed. R. Crim. P. 32(d), Rice needed to provide the court a "fair and just reason" for withdrawal of his guilty plea. A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, raises a strong presumption that the guilty plea is final and binding. See id.  The court evaluates the proffered reason in light of: (1) whether the plea was knowing and voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) the length of delay between the entry of the plea and the filing of the motion to withdraw; (4) whether the defendant had close assistance of effective counsel; (5) whether withdrawal would prejudice the government; and (6) whether withdrawal would inconvenience the court or waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

3

Rice argues that he was ill advised by his counsel with respect to the plea agreement. Specifically, Rice maintains that defense counsel should have known and advised Rice that the assurances of the Government with respect to the reduction in sentence based on acceptance of responsibility could not be delivered. Rice asserts that if defense counsel had advised him accordingly, he would not have entered into the plea agreement, but rather proceeded to trial. Rice further charges that the district court failed to conduct an adequate Rule 11 hearing.

When the basis for a defendant's request to withdraw his plea is poor advice from his attorney, he must show that his attorney's performance fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. See United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989). Counsel's erroneous advice regarding the sentence range is not a basis for withdrawal of a plea when the defendant was made aware that his sentence was not known at that time and that the court would determine his sentence. See Lambey, 974 F.2d at 1395.

Applying the test set out in Moore, we find that Rice did not offer a fair and just reason for withdrawal of his plea. After reviewing the Rule 11 colloquy, we find that the court conducted an adequate Rule 11 colloquy, at which time Rice acknowledged responsibility for the quantity of drugs stated in the plea agreement, claimed he was satisfied with his attorney's representation, and that he understood that his sentence could not be predetermined. It was due to his own untruthfulness that Rice did not receive the three point reduction for acceptance of responsibility, not to any deficient conduct by his attorney. There is nothing in the record to support Rice's assertion that his attorney's representation fell below an objective standard of reasonableness.

We therefore find no abuse of discretion in the district court's denial of Rice's motion to withdraw his guilty plea. Accordingly, we grant Appellee's unopposed motion to submit the case on briefs and affirm Rice's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED